**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**JANE DOE,** an adult female,

        Plaintiff,

v.

                                   **CIVIL ACTION NO. 5:20-CV-193**
                                   Judge Bailey

**RICHARD M. SPIRO, M.D.,**
**TRI-RIVERS CONSULTING SERVICES,**
**INC.,**

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISMISS

Pending before this Court are Defendant Tri-Rivers Consulting Services, Inc.'s Motion to Dismiss Plaintiff's Complaint [Doc. 2] and the Motion to Dismiss of Defendant Richard M. Spiro, M.D. [Doc. 4], both filed September 4, 2020. For the reasons that follow, the Court will grant the motions.

## BACKGROUND

As alleged in the Complaint, defendant Spiro is a medical doctor who, in the course of earlier litigation, provided a report on an examination of plaintiff in accordance with West Virginia Rule of Civil Procedure 35. [Doc. 1-1 at 2]. Plaintiff is bringing suit against Spiro for defamation, defamation per se/strict liability, and intentional infliction of emotional distress in connection with the contents of said report. [Id. at 3–4]. Plaintiff alleges that two statements made by Spiro are the basis of the above claims: first, Spiro's statement in the report that plaintiff had "a history of chronic narcotic use, which spanned many years for chronic low back pain from two previous lumbar surgeries." [Id. at 3, ¶ 11]; second, Spiro's statement in the report that "I also feel strongly that her previous discectomy,

medical disability, and need for continuing pain medicine was the most likely cause of her need for further surgery."  [Id. at ¶ 12].  Plaintiff is also bringing suit against defendant Tri-Rivers Consulting Services, Inc. ("Tri-Rivers") under a theory of respondeat superior. [Id. at 7].

On September 4, 2020, defendants removed the case from the Circuit Court of Ohio County to this Court based on diversity jurisdiction.  [Doc. 1].  On the same day defendants filed the instant motions to dismiss.  [Docs. 2 & 4].  Although defendants filed separate motions, the arguments presented in the motions and memoranda in support are largely the same.  First, defendants argue that Spiro's statements are protected by absolute immunity because they were made as part of his role as an expert witness.  *See* [Doc. 5 at 4–7].  Second, they argue that the statements are not defamatory because they are statements of Spiro's professional opinion and because they were not provided to any third-party outside the underlying litigation. *See* [Id. at 8–11].  Third, defendants argue that the statements are not a basis for an IIED claim because they are not "outrageous." *See* [Id. at 12–13].  Finally, Tri-Rivers argues that because plaintiff's claims against it are based on respondeat superior, those claims can only succeed if she has a valid claim against Spiro.  [Doc. 3 at 4].

On September 18, 2020, plaintiff filed a response to both motions. [Doc. 9].  First, plaintiff agrees that Tri-Rivers cannot be held liable if her claim against Spiro fails. [Id. at 2]. Second, plaintiff argues that Ohio law, rather than West Virginia law, governs the issue of whether Spiro's statements are protected as witness testimony. [Id. at 3].  Thus, plaintiff contends that the statements must therefore be "relevant" in the underlying case to have immunity. [Id. at 4].  Third, plaintiff argues that the statements were not relevant and

therefore not protected; she contends that "Spiro was stating that Plaintiff had two invasive surgeries of her neck and low back to secure more drugs" which was "obnoxious and designed to harm and prejudice the Plaintiff." [Id.]. The plaintiff further claims that the same holds true if the Court determines that West Virginia law applies to the privilege question. [Id. at 5]. Finally, plaintiff argues she has stated an IIED claim because the statements in question are outrageous because they would lead a recipient to conclude that plaintiff is an addict. [Id. at 6].

On September 29, defendants filed replies. Therein, defendants argue that West Virginia law applies to the privilege question and that, regardless of whether Ohio or West Virginia law applies, the statements are relevant and therefore protected by absolute immunity. *See* [Docs. 10 & 11].

## **LEGAL STANDARD**

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007); *see also **Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008) (applying the ***Twombly*** standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. ***Edwards v. City of Goldsboro,*** 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and

3

other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id.* at 1964–65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 1974.

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F.App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F.App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396–97.

## ANALYSIS

A federal Court sitting in diversity applies the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). "Traditionally, West Virginia courts apply the lex loci delicti choice-of-law rule; that is, the substantive rights between the parties are determined by the law of the place of injury." *McKinney v. Fairchild Int'l, Inc.*, 199 W.Va. 718, 727, 487 S.E.2d 913, 922 (1997) (citations omitted). "In defamation actions, the place of the harm has traditionally been considered to be the

place where the defamatory statement was published." *Wells v. Liddy*, 186 F.3d 505, 521–22 (4th Cir. 1999) (citing Restatement (First) of Conflicts § 377).

Here, by the plaintiff's own account, the allegedly defamatory statements were published in West Virginia.  Accordingly, West Virginia substantive law applies.[1]

Under West Virginia law, "[a]n adverse expert witness enjoys civil immunity for his/her testimony and/or participation in judicial proceedings where such testimony and/or participation are relevant to said judicial proceedings." Syl. Pt. 2, *Wilson v. Bernet*, 218 W.Va. 628, 625 S.E.2d 706 (2005).  Although the *Wilson* court did not specifically define relevance, under West Virginia's Rules of Evidence, evidence is relevant if it either has any tendency to make a fact more or less probably or if the fact is of consequence in determining the action.  W.Va. R. Evid. 401.  Concurring in *Wilson*, Justice Starcher gave examples of testimony which would fall outside the civil immunity: "[e]xperts who commit perjury, conspire to obstruct justice, commit forgery, etc., remain civilly liable for all damages inflicted on the victims of the experts' misconduct." *Wilson*, 218 W. Va. at 638, 625 S.E.2d at 716 (2005) (Starcher, J., concurring) (citations omitted).

Here, it is undisputed that Spiro's statements were made in the course of his role as an expert witness.  However, plaintiff contends that the statements are not privileged because they were not relevant to the proceedings. [Doc. 9 at 4–5].  This Court disagrees.

---

[1]As both West Virginia and Ohio law require that an adverse witness statement be "relevant" to the judicial proceedings to enjoy absolute immunity, it is unclear that the choice of law analysis in this case makes any difference.  *See Willitzer v. McCloud*, 6 Ohio St. 3d 447, 448–49, 453 N.E.2d 693, 695 (1983) ("It is a well-established rule that judges, counsel, parties, and witnesses are absolutely immune from civil suits for defamatory remarks made during and relevant to judicial proceedings.") (citing *Erie Cty. Farmers' Ins. Co. v. Crecelius*, 122 Ohio St. 210, 171 N.E. 97 (1930)).

By the plaintiff's own characterization, "the Rule 35 Examiner's role is that the crux of the slip and fall injury case was whether the injury and thus medical treatment of Plaintiff was due to by (sic) the fall event." [Id. at 5]. The statements in question are Dr. Spiro's medical opinion on what caused plaintiff's need for medical treatment. Resolving all doubts and inferences in favor of plaintiff, these statements were relevant testimony. Accordingly, privilege attaches to the testimony and Dr. Spiro has immunity from civil liability for these statements. As these statements are the only alleged basis for the defamation and IIED claims, these claims must be dismissed. Further, because the claims against defendant Spiro fail, the claims against Tri-Rivers must likewise be dismissed.

## CONCLUSION

Upon consideration of the above, Defendant Tri-Rivers Consulting Services, Inc.'s Motion to Dismiss Plaintiff's Complaint [**Doc. 2**] and the Motion to Dismiss of Defendant Richard M. Spiro, M.D. [**Doc. 4**] are hereby **GRANTED**. It is **ORDERED** that this civil action be, and the same is hereby, **DISMISSED WITH PREJUDICE** and retired from the docket of this Court. The Court hereby **DIRECTS** the Clerk to **STRIKE** this matter from the active docket of this Court and to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this order to all counsel of record.

**DATED**: October **28**, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE